**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-CV-80506-ROSENBERG/REINHART**

JEFF GREENE CAMPAIGN,

    Plaintiff,

v.

COUNTERPOINT MESSAGING, LLC,

    Defendant.

_____/

## NOTICE OF COURT PRACTICE IN REMOVAL CASES

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record.   Counsel for the non-removing party must file a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction[1] within **thirty (30) days** after the filing of the notice of removal under 28 U.S.C. § 1446(b).

Counsel for the removing party is directed to file and serve a *Removal Status Report* no later than seven days from the date of rendition of this Order.  Failure to file a timely *Removal Status Report* shall be grounds for remand.  In addition to the *Removal Status Report*, counsel for the removing party must file copies of all records and proceedings in the state court proceedings by the aforementioned date.

The *Removal Status Report* shall contain the following:

(1) A plain statement of the nature of the claim and any counterclaim, cross-claim or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought.

---

[1] The issue of lack of subject matter jurisdiction may be raised at any time.  *See* 28 U.S.C. § 1447(c).

(2) A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim.

(3) A list of all pending motions.

(4) A brief statement by each Defendant explaining whether or not each has joined in or consented to the notice of removal.

(5) A statement regarding whether the Defendant(s) have removed the action within thirty (30) days after the receipt by the Defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within thirty (30) days after service of summons upon the Defendant(s), if such initial pleading has then been filed in court and is not required to be served on the Defendant(s) in the action.

If the removing party has provided some or all of the information requested above, briefly summarize the information requested and direct the Court to the location of the information in the record. Failure of the removing party or parties to timely provide in the *Removal Status Report* the information requested above, or information required pursuant to 28 U.S.C. § 1446(a), may result in remand of the action.

Counsel for the removing party shall provide copies of this Notice to all concerned parties.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 12th day of April, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to all counsel of record.